### CRAWFORD, Plaintiff-Appellee, v. BACH et, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4500.   Decided September 12, 1950.

George S. Crawford, Columbus, for plaintiff-appellee.
Matthew L. Bigger, Clarence L. Corkwell, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

This is a motion to dismiss the appeal on law and fact for the reason that the appeal bond was not signed within 20 days after the filing of the entry overruling the motion for a new trial. The record discloses that the motion was overruled on July 25, 1950, and the bond was filed on August 15, 1950. It was therefore not filed within the 20 days as required by §12223-6 GC. The motion will be sustained but the case will be retained for determination on questions of law as required by §11564 and §12223-22 GC. The appellant will be granted leave to file bill of exceptions, assignment

of errors and brief within the time allowed by Supplement to Rule VII of the Court.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

### No. 4500. Decided October 16, 1950.

By THE COURT.

This is an application for a rehearing on a motion which was sustained and the appeal on law and fact was dismissed for the reason that the appeal bond was not filed within twenty days after the overruling of the motion for a new trial. The appellants urge, and are sustantiated by the record, that they signed the bond on the 20th day, but it was not signed by the surety until the 21st day, at which time it was approved by the Clerk and marked as being filed in the Clerk's office. We are still of the opinion that the requirements of §12223-6 GC were not met in that the bond was neither approved by the Clerk nor filed until the 21st day. Sec. 12223-10 GC provides that the bond is not effective to stay execution until approved by the Clerk, who shall file it upon the giving of his approval. An ineffective bond is a nullity.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.